IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ROBERT HUANG, | ) |
| Plaintiff, | ) |
| v. | ) Case No.: |
| FLUIDMESH NETWORKS, LLC, | ) |
| Defendant. | ) |

# COMPLAINT

Plaintiff, ROBERT HUANG, by and through his undersigned attorneys, as his Complaint ("Complaint") against Defendant, FLUIDMESH NETWORKS, LLC, complains as follows:

## I. PARTIES

1. Plaintiff, ROBERT HUANG ("Huang"), is a citizen of and domiciled in Taiwan.

2. Defendant, FLUIDMESH NETWORKS, LLC ("Fluidmesh"), is a corporation organized and existing under the laws of the State Delaware, with its principal place of business located at 1359 Barclay Boulevard, Buffalo Grove, Illinois 60089.

## II. JURISDICTION AND VENUE

3. The parties are completely diverse in citizenship and the amount in controversy is in excess of $75,000 excluding interest and costs. Jurisdiction is proper pursuant to 28 U.S.C. 1332.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) as the transactions out of which these causes of action arose occurred, in part, in this District.

## III. ALLEGATIONS COMMON TO ALL COUNTS

5. On December 9, 2011, Huang began his employment with Fluidmesh as a Supply Chain and Manufacturing Manager working remotely from his homes in Taiwan and California.

6. Fluidmesh provides a complete product (hardware and software entirely developed by Fluidmesh) to Cisco Systems, Inc. ("Cisco"), which is co-branded and sold through Cisco's channels.

7. Cisco stock is publicly traded on the NASDAQ stock exchange.

8. In late January 2016, Alessandro Erta, Fluid Mesh's Chief Technology Officer, told a third party that Cisco intended to purchase Fluidmesh.

9. Huang believed this information was false and as of the date of this filing there has been no purchase of Fluidmesh by Cisco.

10. Any insider information regarding a potential purchase of Fluidmesh by Cisco was private information that would have a material effect on the stock price of Cisco.

11. Huang reported to his immediate supervisor, Erta, and Erta's supervisor that the disclosure of a purchase by Cisco was illegal and indicated that he would report the rule violation to the appropriate authorities.

12. Section 806 of SOX, codified at 18 U.S.C. § 1514A, prohibits retaliation against employees of public companies who report certain types of allegedly unlawful conduct. Section 1514A(a) provides that no public company (i.e., registers securities under Section 12 of the Securities Exchange Act of 1934, required to file reports under Section 15(d) of the Securities Exchange Act of 1934 or certain subsidiaries thereof) or "officer, employee, contractor, subcontractor, or agent…of such company" may "discriminate against an employee" for engaging in a protected activity. 18 U.S.C. § 1514A(a).

13. Robert Huang was a subcontractor of Cisco, a publicly traded company thus 18 U.S.C. § 1514A whistleblower protection applies.

14. 18 U.S.C. § 1514A provides that that no contractor may discriminate against its own employee for whistleblowing.

15. On February 19, 2016 Fluidmesh terminated Huang's employment.

16. Fluidmesh provided no basis for the termination.

17. Huang was in fact terminated as retaliation for reporting securities law violations.

18. Huang was treated differently than other similarly situated employees who did not report any violations of securities laws.

19. Upon information and belief, Fluidmesh intended for Huang's termination to have a chilling effect on other employees who would otherwise report violations of securities regulations.

20. On or about March 1, 2013, Huang on one hand and Fluidmesh on the other entered into an agreement giving Huang an ownership interest in a wholly owned subsidiary of Fluidmesh, Bitlomat, LLC.

21. The agreement was memorialized in part in an Interest Grant Letter dated February 7, 2013. ("Interest Grant Letter" attached hereto as Exhibit "A" and incorporated herein).

22. Sometime after February 26, 2013, Fluidmesh tendered a more detailed Interest Grant Agreement to Huang ("Interest Grant Agreement" attached hereto as Exhibit "B" and incorporated herein) detailing the terms and conditions of the Interest Grant. ("Interest Grant Agreement" and "Interest Grant Letter" collectively referred to as "Agreement").

23. Pursuant to the Agreement, Huang was granted a 1% interest in Bitlomat, LLC, a wholly owned subsidiary of Fluidmesh.

24. Pursuant to the Agreement, Huang's interest was fully vested upon termination without cause.

**IV.** **CLAIMS**

### COUNT I
### (Illinois Whistleblower Act 740 ILCS 174)

25. Plaintiff repeats and realleges Paragraphs 1 through 24 of the Complaint as Paragraph 25 of Count I of the Complaint as though fully set forth herein

26. At all relevant times herein, the Illinois Whistlebower Act, 740 ILCS 174, was in effect and provided, in pertinent part, that an employer may not retaliate against an employee for refusing to participate in an activity that would result in a violation of a state or federal law, rule, or regulation.

27. As a result of the Illinois Whistleblower Act, Fluidmesh was prohibited from retaliating against or discharging Huang as a result of, or in retaliation for, his opposition to or refusal to follow Fluidmesh's unlawful policies and practices of sharing insider information.

28. In violation of the Illinois Whistleblower Act, and in willful disregard for Plaintiff's rights, Fluidmesh retaliated against and discharged Plaintiff from his employment at Fluidmesh as a result of, and in direct retaliation for, his legally protected conduct as alleged above.

WHEREFORE, Plaintiff, ROBERT HUANG, respectfully requests this Court to enter Judgment against Defendant, FLUIDMESH NETWORKS, LLC, and award him damages in an amount in excess of $75,000 as provided for by 740 ILCS 174, including reinstatement with the same seniority status that Plaintiff would have but for the discrimination, back pay with interest, and compensation for all special damages sustained as a result of the discrimination including attorneys fees, costs and expenses.

## COUNT II
### (Retaliatory Discharge)

29. Plaintiff repeats and realleges Paragraphs 1 through 24 of the Complaint as Paragraph 29 of Count II of the Complaint as though fully set forth herein.

30. At all relevant times herein, there was 18 U.S.C. § 1514A and public policy that prohibited Fluidmesh from terminating Huang for reporting securities law violations.

31. As a result of this Illinois public policy, Defendant Fluidmesh, an Illinois employer, was legally prohibited from discharging Plaintiff as a result of, or in retaliation for, internally reporting securities law violations.

32. Notwithstanding said public policy, and in flagrant disregard for Plaintiff's rights, Defendants willfully and abruptly discharged Plaintiff from his employment at Fluidmesh as a result of, and in direct retaliation for, his legally protected leave, as fully alleged above.

WHEREFORE, Plaintiff, ROBERT HUANG, respectfully requests that the Court enter judgment against Defendant, FLUIDMESH NETWORKS, LLC, in its favor; award his compensatory damages, damages for emotional distress, and punitive damages in an amount in excess of $75,000 and grant any and all further relief that the Court deems to be necessary or appropriate under the circumstances.

## COUNT III
**(Declaratory Judgment)**

33. Plaintiff restates and realleges the allegations contained in Paragraphs 1 through 24 of the Complaint as Paragraph 33 of Count III of the Complaint as if fully set forth herein.

34. Huang was terminated without cause.

35. Pursuant to the Agreement, Huang's ownership interest in Bitlomat, LLC would be fully vested upon termination.

36. An actual controversy between the parties exists concerning whether Huang's ownership interest in Bitlomat, LLC is fully vested.

WHEREFORE, Plaintiff, ROBERT HUANG, respectfully requests that this Court enter an Order declaring Huang's ownership interest in Bitlomat, LLC is fully vested, and for any further and other relief that this Court deems just and appropriate under the circumstances.

Respectfully submitted,
**ROBERT HUANG,**
Plaintiff

By: _____/s/ *Alexander N. Loftus*_____
One of His Attorneys

.
Alexander N. Loftus, Esq.
VOELKER LITIGATION GROUP
311 W. Superior Street, Ste. 500
Chicago, Illinois 60654
Telephone: (312) 870-5430
E-mail: alex@voelkerlitigationgroup.com

Dated: October 3, 2016

6